STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL COURT
PORTLAND
Docket No. CDCR-18-2558

STATE OF MAINE



v.

BRENT GROSS

)
)
)
)
)
)

Defendant

ORDER ON DEFENDANT'S
MOTION TO SUPPRESS

A hearing was held on Defendant's Motion to Suppress on March 14, 2019. Assistant Attorney General Johanna Gauvreau appeared on behalf of the State. Defendant appeared, represented by Attorney Kristine Hanly.

Defendant seeks to suppress all of the evidence resulting from his detention and arrest. He alleges that he was illegally detained and that the police did not have probable cause to arrest him and that the evidence seized related to the search of his vehicle and evidence seized as a result of a search of his person at the jail were obtained in violation of his Fourth Amendment rights and should be suppressed.

The court heard testimony from Sergeant Michael Loranger of the Westbrook Police Department. Sgt. Loranger testified that he was dispatched to the Dunkin' Donuts parking lot in the Kohl's plaza in Westbrook for the report of an unresponsive male in his vehicle. When Sgt. Loranger, along with Officers Smith and McCarthy arrived at the scene, he observed a BMW parked unevenly taking up two parking spaces a few feet away from the curb. When he approached the vehicle, he observed that the driver's side vehicle window was down and the male driver was unconscious. Sgt. Loranger recognized the driver to be Brent Gross from prior police contacts. He knew him to be a user of illicit drugs. Sgt. Loranger attempted to wake up the defendant and was eventually successful in doing so. Mr. Gross had a brown substance coming out of his nose. When he finally awoke his voice was raspy and his pupils were constricted. Sgt. Loranger recognized these as signs of impairment due to drug use based on his training and experience. Mr. Gross explained to Sgt. Loranger that he thought he had only been

asleep for approximately twenty minutes. Employees at Dunkin' Donuts told the officers that they had observed Gross parked and in his vehicle for approximately two hours.

The officers asked Mr. Gross to exit the vehicle as he had exhibited signs of impairment, as described above. When he did he walked to the front of his vehicle and had a conversation with Officer Jeremy Smith. Officer Smith testified that he was a canine handler with the Westbrook Police Department but had prior experience working for the Maine Drug Enforcement Agency. He also has experience as a Drug Recognition Expert. Officer Smith also noted that Mr. Gross' speech was slow and voice was raspy. While Officer Smith was speaking to Mr. Gross, Sgt. Loranger and Officer McCarthy were near the front driver's side door that remained open when Mr. Gross exited the vehicle. Sgt. Loranger then observed an orange pill on the driver's side seat. Based on the officers' training and experience seeing a single pill loose and outside of a prescription bottle is indicative of illegal drug use. Based on how they found Mr. Gross, that he was asleep in his car for an extended period of time, that he parked his car crooked taking up two spaces, the brown substance around his nose, his slow speech and raspy voice, his constricted pupils, and the single pill found on the driver's side seat, the officers believed that Mr. Gross was engaged in criminal activity. The officers seized the pill and called dispatch, gave them the description of the pill and were able to ascertain that the pill was a generic brand of Flexeril, Cyclobenzaprine, a scheduled drug that requires a prescription. The officers asked Mr. Gross if he had a prescription which he denied. The officers then placed Mr. Gross under arrest for Unlawful Possession of a Scheduled Drug. The officers then searched his vehicle and found a hypodermic needle and a small glass bottle containing testosterone. The Defendant was transported to the Cumberland County Jail where a search of his person revealed that he was in possession of 72 grams of Fentanyl.

The Fourth Amendment of the United States Constitution protects individuals from unreasonable searches and seizures by the government. Warrantless searches are *per se* unreasonable subject to a few exceptions, one of them being the "plain view doctrine". *Katz v. United States*, 389 U.S. 347. This doctrine permits a warrantless seizure of incriminating evidence if three conditions are met:

1) The Officer must not have violated the Fourth Amendment in arriving at the place in which the evidence is in plain view;

2) The incriminating character of the items to be seized must be immediately apparent and;

3) The officer must have a lawful right of access to them.

The Court finds that the State met the three conditions required under the "plain view doctrine". The Court further finds that the Officers did not violate the Defendant's Fourth Amendment rights. The officers had a lawful right to be in the area based on the facts that were presented above. The pill that was recovered was in plain sight after the Defendant got out of the car, left his door open with the window down on a clear sunny day. Based on the officers' collective training and experience as drug recognition experts and working for the Maine Drug Enforcement Agency, the pill seized was evidence of illegal activity. The confirmation that the pill was a scheduled drug gave the officers probable cause to arrest and charge the defendant with the crime of Unlawful Possession of a Scheduled Drug. All further evidence seized was done so lawfully.

It is accordingly hereby ORDERED that the Defendant's Motion to Suppress is DENIED in its entirety.

DATED: 5/3/19

Maria A. Woodman
Judge, Unified Criminal Court

STATE OF MAINE
vs
BRENT F GROSS
90 UNION AVE
OLD ORCHARD BEACH ME 04064

MURISC# 225-A

CRIMINAL DOCKET     5/3/19
CUMBERLAND, ss.
Docket No    CUMCD-CR-2018-02558

**DOCKET RECORD**

DOB: 11/30/1988
Attorney:     KRISTINE HANLY
              LAW OFFICES OF KRISTINE C HANLY LLC
              217 COMMERCIAL ST SUITE 205
              PORTLAND ME 04101
              APPOINTED 07/11/2018

State's Attorney:    STEPHANIE ANDERSON

Filing Document:    CRIMINAL COMPLAINT
Filing Date:        05/16/2018

Major Case Type:  FELONY (CLASS A,B,C)

**Charge(s)**

1     UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS                      05/04/2018     PORTLAND
Seq 8541          17-A  1103(1-A)(A)          Class B
HOLMES                                  /     CUM
2     ASSAULT ON AN OFFICER                                        05/04/2018     PORTLAND
Seq 9324          17-A  752-A(1)(B)           Class C
HOLMES                                  /     CUM
3     TRAFFICKING IN PRISON CONTRABAND                             05/04/2018     PORTLAND
Seq 4535          17-A  757(1)(B)             Class C
HOLMES                                  /     CUM
4     UNLAWFUL POSSESSION OF FENTANYL POWDER                       05/04/2018     PORTLAND
Seq 13381         17-A  1107-A(1)(B)(8)       Class C     Charged with INDICTMENT on Supplemental Filing.
ROBINSON                                /     MDE
5     RECKLESS CONDUCT                                             05/04/2018     PORTLAND
Seq 636           17-A  211(1)                Class D     Charged with INDICTMENT on Supplemental Filing.
ROBINSON                                /     MDE
6     FALSIFYING PHYSICAL EVIDENCE                                 05/04/2018     PORTLAND
Seq 4832          17-A  455(1)(A)             Class D     Charged with INDICTMENT on Supplemental Filing.
ROBINSON                                /     MDE
7     UNLAWFUL POSSESSION OF SCHEDULED DRUG                        05/04/2018     PORTLAND
Seq 8574          17-A  1107-A(1)(F)          Class E     Charged with INDICTMENT on Supplemental Filing.
ROBINSON                                /     MDE

**Docket Events:**

05/16/2018 FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 05/16/2018

05/16/2018 WARRANT - ON AFFIDAVIT ORDERED ON 05/16/2018

05/16/2018 WARRANT - ON AFFIDAVIT ISSUED ON 05/16/2018

05/17/2018 NOTE - OTHER CASE NOTE ENTERED ON 05/17/2018
        SARAH  HEAD , ASSISTANT CLERK
        DEF UPDATED ADDRESS TO 93 WEST GRAY RD GRAY ME 04039
05/18/2018 NOTE - OTHER CASE NOTE ENTERED ON 05/18/2018
        SARAH  HEAD , ASSISTANT CLERK
        DEF UPDATED A TEMPORARY ADDRESS. HIS APARTMENT IS NOT READY YET AND WILL BE STAYING AT THE
        OXFORD STREET SHELTER. ONCE APT IS READY HE WILL BE BACK TO THE SEAVEY ST ADDRESS IN
        WESTBROOK
05/18/2018 WARRANT - ON AFFIDAVIT EXECUTED BY AGENCY ON 05/18/2018 at 03:07 p.m.

05/22/2018 BAIL BOND - $500.00 CASH BAIL BOND FILED ON 05/21/2018

        Bail Receipt Type: CR
        Bail Amt:   $500